Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII[1]

| LIZETTE DUMONT DURÁN<br><br>Demandante Recurrida<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Demandando Peticionario | KLCE202500057 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV00035 (Salón 503 Civil)<br><br>Sobre: Cobro de Dinero (Ordinario) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece el Gobierno de Puerto Rico por conducto de la Oficina del Procurador General de Puerto Rico (el Estado o peticionario) vía *certiorari* y solicitan que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), emitida y notificada el 17 de septiembre de 2024. En dicho dictamen, el foro primario declaró sin lugar la moción de desestimación presentada por el Estado.

Por los fundamentos que expondremos, se expide el auto de *certiorari* y se *confirma* la *Resolución* recurrida.

**I.**

En síntesis, el caso de epígrafe trata de una *Demanda* sobre reclamación de honorarios de abogado bajo la *Individuals with Disabilities Education Act,* 20 U.S.C sec. 1400, *et seq.* (Ley IDEA).[2] Según el expediente, el 9 de abril de 2021, la Sra. Lizzete Dumont Durán (señora Dumont Durán o recurrida) presentó la querella

---

[1] Mediante Orden Administrativa OATA-2025-013 se modificó la composición del Panel.
[2] Apéndice 1 del *Recurso de Certiorari,* págs. 1-43.

núm. QEE-2021-05-04-00463 ante el foro administrativo del Departamento de Educación, programa de Educación Especial.[3] En ella, alegó que la agencia no le ofreció una alternativa de ubicación apropiada a su hija para los años escolares 2019-2021 en el sistema público. Por ello, solicitó, entre otras cosas, la compra de servicios y el reembolso de lo pagado en el mercado privado durante dichos años escolares. Luego del Departamento de Educación responder a la querella negando las alegaciones, las partes participaron en un proceso de conciliación al amparo de la Sección 300.510 del *Code Federal Regulations* (CFR). En la reunión de conciliación las partes llegaron a un acuerdo el 23 de abril de 2021, firmado por el Conciliador Ramón L. Soto Martínez, sin que fuera necesario que mediara alguna intervención de un juez administrador u oficial examinador. Finalmente, con fecha del 29 de junio de 2021 y como resultado de la querella, el Departamento de Educación aprobó la compra de servicios y los rembolsos solicitados.

Es entonces, cuando el 4 de enero de 2023, la recurrida presentó la ya mencionada *Demanda* alegando que le correspondía el pago de honorarios de abogado por haber prevalecido en el proceso administrativo. Específicamente, la señora Dumont Durán explicó que el remedio solicitado no se hubiera logrado si no fuera por la presentación de la querella. En respuesta, el peticionario solicitó la desestimación de la *Demanda* al amparo de la Regla 10.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, y argumentó que la recurrida no fue parte prevaleciente en el pleito, dado que dicho pleito finalizó antes de que comenzara la etapa de vista administrativa.[4]

Luego de ambas partes presentar sus oposiciones, réplicas o dúplica, el foro recurrido denegó la moción de desestimación del

---

[3] Íd.*,* págs. 10-11.
[4] Apéndice 2 del *Recurso de Certiorari,* págs. 49-57.

Estado. Igualmente, resolvió sin lugar a la solicitud de reconsideración del Estado.

Inconforme con el proceder del Tribunal de Primera Instancia, el peticionario presentó este recurso en el que alega que:

> Erró el Tribunal de Primera Insta al denegar la solicitud de desestimación del Estado, dado que la parte demandante-recurrida no tiene derecho a honorarios de abogado solicitado al amparo de Ley IDEA, porque no resultó ser la parte prevaleciente en el proceso administrativo iniciado ante el Departamento de Educación que concluyó tras alcanzar las partes un acuerdo que dio fin a la querella sin la intervención o el aval de un juez administrativo u oficial examinador.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337 (2012). Aunque el *certiorari* se reconoce como un recurso discrecional, la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Está dispone en lo pertinente que el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de

una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

## B. Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. *Costas Elena v. Magic Sport,* 213 DPR 523 (2024); *González Méndez v. Acción Soc.,* 196 DPR 213, 234 (2016).

El Tribunal Supremo de Puerto Rico ratificó tan reciente como en *Costas Elena v. Magic Sport, supra,* las normas que rigen la desestimación de una demanda basada en el inciso 5 de la Regla 10.2, *supra.* Estas normas son las siguientes:

(1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.

(2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.

(3) Los tribunales que atienden una moción basada en la Regla 10.5, *supra,* tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.

(4) Toda duda debe resolverse a favor del demandante.

(5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. Véase, además, *Eagle Security v. Efrón Dorado et al,* 211 DPR 70, 84 (2023).

La privación de un litigante de su día en corte solo procede en casos extremos. La desestimación al amparo de la Regla 10.2(5), *supra,* prosperará si luego de realizar el análisis requerido,

el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusorias podrán ser probadas con el descubrimiento de prueba. *Costas Elena v. Magic Sport, supra.*

### C. Ley IDEA

La Ley federal conocida como el *Individuals with Disabilities Education Act*, 20 USCA sec. 1400 *et seq.* (Ley IDEA), dispone para cada estudiante de educación especial una enseñanza particular adaptada a sus necesidades, sin costo para los padres, enfocada en atender las necesidades únicas de cada estudiante. 20 USCA sec. 1401(29); Lydia Vélez v. Departamento de Educación, 209 DPR 79, 103 (2022).

Para lograr lo anterior, la Ley IDEA obliga que a todos los menores con necesidades especiales se les provea educación pública, apropiada y gratuita en atención a sus necesidades particulares, así como también protege los derechos de estos y de sus respectivos padres o tutores. Lydia Vélez v. Departamento de Educación, supra; *Orraca López v. ELA*, supra, pág. 42.

El objetivo es darles todas las oportunidades posibles a estos menores de prepararse para oportunidades de empleo en el futuro y, sobre todo, para que lleven sus vidas de manera independiente, entre otros aspectos. 20 USCA sec. 1400(d)(1)(A). Lydia Vélez v. Departamento de Educación, supra, pág. 104.

A tales efectos, la Ley IDEA y su reglamento, contienen las disposiciones federales que gobiernan los derechos de los estudiantes con diversidad funcional a que se les provea la educación requerida se garanticen sus derechos procesales. El proceso reglamentario de la Ley Idea, *supra,* contempla mecanismos de resolución de querellas en las cuales se alega una violación al debido proceso de ley, uno de las cuales es la mediación o el

procedimiento de resolución. Véase, 34 CFR 300.506 y 300.510(a). Según dicha Ley, el *Local Education Agency* (LEA) deberá pautar una reunión de conciliación con los padres del menor y miembros de *Individualized Education Program* (IEP) que conozcan los hechos específicos de la controversia, permitiendo que el LEA tenga la oportunidad de resolver la disputa. Íd. Como parte de los derechos procesales garantizados por la Ley IDEA, *supra,* esta reconoce el derecho a ser acompañado por un abogado. Véase, 20 USC sec. 1415(h)(1).

Por otra parte, la Ley IDEA, *supra,* permite que el tribunal, a su discreción, pueda otorgar honorarios de abogado a la parte prevaleciente. 20 USC sec. 1415(i)(3)(B)(i)(I). Además, la misma ley establece las causas por las que debe prohibir los honorarios de abogado. En particular, es claro que la Ley IDEA, *supra,* prohíbe la concesión de honorarios de abogado por la participación en una reunión de conciliación. La Sección 1415(i)(3)(D)(iii) de la Ley IDEA, *supra,* dispone que:

> (D) Prohibition of attorneys' fees and related cost for certain services
>
> …
>
> (iii) Opportunity to resolve complaints
> A meeting conducted pursuant to subsection (f)(1)(B)(i) **shall not be considered—**
>
>> (I) a meeting convened as a result of an administrative hearing or judicial action; or
>> (II) an administrative hearing or judicial action for purposes of this paragraph. (Énfasis nuestro).

### D. Jurisprudencia Federal

La jurisprudencia federal se ha dividido al interpretar lo que es una "parte prevaleciente" para conceder honorarios de abogado bajo la de Ley IDEA, *supra.* Ante el vacío legislativo que tiene esta ley, muchos de los circuitos del Tribunal de Apelaciones Federal han optado por utilizar el caso de *Buckhannon Bd. And Care Homes Inc. v. West Virginia Dept. of Health and Human Resources,* 532 US 598

(2001) (*Buckhannon),* para definir lo que es una "parte prevaleciente". Véase, *J.D. ex rel. Davis v. Kanawha County Bd. of Educ.*, 571 F.3d 381, (4th Cir.2009); *Doe v. Boston Pub. Sch.,* 358 F.3d 20 (1st Cir.2004); *T.D. v. LaGrange Sch. Dist. No. 102,* 349 F.3d 469 (7th Cir.2003). Véase, además, Tana Lin, *Recovering Attorney's Fees Under the Individuals with Disabilities Act,* 180 Ed. Law Rep. 1 (2003). En síntesis, el referido caso trata sobre la reclamación de honorarios de abogado bajo la *Fair Housing Amendments Act of 1988* y *Americans with Disabilities Act of 1990.* Ahí, la Corte Suprema de los Estados Unidos, definió a la "parte prevaleciente" como aquel que se beneficia de una autorización judicial que cambia la relación legal de las partes de un litigio. *Buckhannon Bd. And Care Homes Inc. v. West Virginia Dept. of Health and Human Resources, supra,* pág. 604. No obstante, en el contexto de *Buckhannon,* la Corte Suprema de los Estados Unidos no resolvió el problema de si un demandante que entra en un acuerdo privado podría ser considerado la parte vencedora, sino que, expresó duda sobre si dicho acuerdo podría alterar la relación legal entre las partes.

Ante ello, post-*Buckhannon* se ha extrapolado la definición de "parte prevaleciente" para no otorgar honorarios de abogado cuando el pleito culminó en un acuerdo privado y no en un dictamen judicial o administrativo. Véase, *Smith v. Fitchburg Pub. Sch.,* 401 F.3d 16 (1st Cir. 2005)*; T.D. v. LaGrange Sch. Dist. No. 102, supra.* Así como, por el contrario, otros circuitos del Tribunal de Apelaciones Federal han decidido que un acuerdo privado constituye una alteración en la relación legal de las partes, suficiente para considerarla como parte prevaleciente. Véase, *A.R. ex rel. R.V. v. New York City Dep't of Educ.,* 407 F.3d 65 (2d Cir. 2005); *Compare Barrios v. Cal. Interscholastic Fed'n,* 277 F.3d 1128, (9th Cir. 2002).

### E. Otorgación de Honorarios de Abogado en Querellas Administrativas de Educación Especial de Puerto Rico

En Puerto Rico, se creó la Ley de Servicios Educativos Integrales para Personas con Impedimentos, Ley Núm. 51-1996, 18 LPRA sec. 1351 *et seq.*, para cumplir con las disposiciones de la Ley IDEA, *supra*. No obstante, lo concerniente al procedimiento de la adjudicación de las querellas administrativas de Educación Especial se rige por el Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado, Reglamento Núm. 9168 de 26 de febrero de 2020 (Reglamento de Educación Especial).

En lo aquí pertinente, el referido reglamento, previo a cualquier vista administrativa, tiene como mandato el celebrar una reunión de conciliación, salvo que las partes seleccionen la mediación o renuncien por escrito a dicha reunión. Esta, tiene como fin el discutir los asuntos y llegar a un acuerdo que ponga fin a la controversia. Véase, Reglamento de Educación Especial, *supra*, pág. 11. En dicha reunión, de así estimarlo necesario, los padres o tutores se les permite llevar su representante legal. Íd., pág 13.

Por otra parte, el Reglamento de Educación Especial, *supra,* describe los criterios para otorgar honorarios de abogados. En síntesis, estos son: (1) que sea una acción al amparo de la Ley IDEA, *supra,* (2) que exista una parte prevaleciente (3) que la cantidad a otorgarse sea razonable. 20 USC sec. 1415(i)(3)(B)(i)(I) de la Ley IDEA, *supra*; Reglamento de Educación Especial, *supra,* pág. 37; *Declet Ríos v. Dpto. de Educación,* 177 DPR 765, 779-780 (2009).

En cuanto al requisito de parte prevaleciente, el mismo reglamento lo define como aquella parte que obtiene un remedio que altera la relación legal entre las partes, modificando la conducta del demandado para que beneficie al querellante. Reglamento de Educación Especial, *supra,* pág. 37. Además, es indispensable que

dicho remedio fomente y promueva los propósitos de la Ley IDEA, *supra.* De igual forma, tiene como requisito que el remedio obtenido sea "ejecutable y obligado a ser cumplido por razón de una orden o por haber llegado a la **obtención del remedio por acuerdo o consentimiento."** Íd. (Énfasis nuestro). Finalmente, la parte prevaleciente siempre se reserva el derecho de presentar una reclamación de honorarios de abogado directamente ante los tribunales estatales o federales. Véase, Reglamento de Educación Especial, *supra*, pág. 43.

No obstante, pese a la escasa jurisprudencia en Puerto Rico sobre la controversia en cuestión, en *Declet Ríos v. Dpto. de Educación, supra,* nuestro Tribunal Supremo local tuvo la oportunidad de examinar los honorarios de abogado en un proceso administrativo del Departamento de Educación. Ahí, se resolvió, entre otras cosas, que un Oficial Examinador de la referida agencia no tiene la facultad para imponer honorarios de abogado, tan solo los tribunales pueden otorgar dicha remuneración. Íd, pág. 784. Aun cuando la ley y los reglamentos estatales vigentes guardaban silencio respecto a la concesión de honorarios de abogado, al no haber una prohibición expresa e incompatible con el ordenamiento estatal y federal, dicho foro optó por otorgarle un remedio más completo a los padres o tutores de los niños(as) con diversidad funcional. Íd., pág. 785-786. Nuestro más alto foro local fue enfático en que "de no ser así, no se lograría el objetivo que se pretendía al autorizar la concesión de honorarios de abogado: que los padres y madres puedan defender los derechos de sus hijos e hijas con [diversidad funcional] sin estar limitados por razones económicas". *Declet Ríos v. Dpto. de Educación, supra,* pág. 784.

Por otra parte, en *Orraca López v. ELA,* 192 DPR 31 (2014), el Tribunal Supremo, ante el vacío legislativo que tiene la Ley IDEA, *supra,* sobre el término prescriptivo para incoar la causa de acción

en reclamo de los honorarios de abogado, determinó que el plazo de tres (3) años resguarda la política pública e intención que promueve la Ley IDEA, *supra. Orraca López v. ELA, supra.* Nuevamente, esto con el enfoque de incentivar que padres puedan reclamar los derechos de sus niños(as) con diversidad funcional.

**III.**

El Estado alega que erró el TPI al no desestimar la demanda de honorarios de abogado contra este. Según el peticionario, dicho foro incidió al denegar la moción de desestimación cuando la recurrida no tiene derecho a honorarios de abogado al amparo de la Ley IDEA, *supra,* ya que no resultó ser la parte prevaleciente en el proceso administrativo.

Según reseñamos, como parte de los derechos procesales garantizados por la Ley IDEA, *supra,* esta reconoce el derecho a ser acompañado por un abogado. A esos efectos, la Ley IDEA, *supra,* permite que el padre querellante recobre los honorarios de abogado si es parte prevaleciente. Esta disposición de honorarios sirve para ayudar a los padres que no tengan los recursos económicos poder contratar a un representante legal, sin verse privado de reclamar los derechos de sus hijos(as) con diversidad funcional. No obstante, la Ley IDEA, *supra,* no provee una definición de "parte prevaleciente".

Al igual que el peticionario, nos parece persuasivo la jurisprudencia federal, ya que al ser la Ley IDEA, *supra,* una disposición federal, nos auxilia en nuestra labor adjudicativa. Luego de un extenso análisis, es claro que no existe en la jurisprudencia federal una interpretación uniforme de lo que es una parte prevaleciente bajo la Ley IDEA, *supra.* En ausencia de definición, algunos circuitos del Tribunal de Apelaciones Federal han utilizado la definición de la Corte Suprema en *Buckhannon* para denegar o autorizar honorarios de abogado. Según reseñamos, post-*Buckhannon,* las cortes federales se han fraccionado en si un

acuerdo privado altera la relación legal de las partes de manera tal que se pueda considerar como la parte triunfante en el pleito. Por tal razón, al no haber precedente de la Corte Suprema federal ni del Tribunal Supremo de Puerto Rico sobre esta controversia, analizamos directamente la Ley IDEA, *supra,* el Reglamento de Educación Especial y la interpretación de nuestro más alto foro local en querellas administrativas de Educación Especial por honorarios de abogado.

En particular, el Reglamento de Educación Especial, *supra,* contiene una definición amplia de lo que es una parte prevaleciente. Esta dispone que es esa parte que obtiene un remedio que altera la relación legal entre las partes modificando la conducta de los demandados en una forma que directamente beneficia al querellante. Véase, Reglamento de Educación Especial, *supra,* pág. 37. Inclusive, basta con prevalecer en algún aspecto sustancial de la querella y no necesariamente en la totalidad de la reclamación para considerarse parte prevaleciente. Íd. Además, la misma, considera al padre o tutor como parte triunfante cuando el remedio se dio mediante acuerdo. Íd. En el presente caso, como resultado de la querella y posteriormente del acuerdo obtenido de la reunión de conciliación, el Departamento de Educación aprobó la compra de servicios y los rembolsos solicitados por la recurrida. Por lo tanto, resolvemos que la señora Dumont Durán cumple con la definición de parte prevaleciente, ya que el resultado del acuerdo altera materialmente la relación legal entre las partes al modificar el comportamiento del Estado de tal manera que la beneficia.

Por otra parte, tal y como se dispuso, es indiscutible que la Ley IDEA, *supra,* prohíbe expresamente la concesión de honorarios de abogado por el tiempo invertido en una reunión de conciliación. Véase, 20 U.S.C.A sec. 1415 (f)(D)(iii). No obstante, aquí la recurrida no está solicitando honorarios de abogado de la reunión de

conciliación.[5] Más bien, la señora Dumont Durán reclama el pago de honorarios por todo el procedimiento administrativo y la acción judicial incoada.

Además, es meritorio resaltar que a falta de prohibición expresa sobre la concesión de honorarios de abogado a la parte prevaleciente de un acuerdo en una reunión de conciliación, debemos inclinarnos en un remedio completo a los padres o tutores de niños(as) con diversidad funcional. Más aún, cuando la Ley IDEA, *supra,* tiene una sección que presenta las circunstancias en que se debe prohibir la otorgación de honorarios de abogado. Véase, 20 USC sec. 1415(i)(3)(D).

Por último, somos del criterio, que limitar el pago de honorarios de abogado desalentaría a los padres o tutores a contratar un representante legal o, peor aún, los pondría a elegir entre el pago de sus honorarios o los intereses de su hijo(a) en un acuerdo. Lo anterior, vulneraría los propósitos de la Ley IDEA, *supra,* de fomentar la resolución de reclamaciones y proporcionar la asesoría adecuada.

En virtud de ello, resolvemos que, ante la ausencia de una prohibición expresa para la otorgación de honorarios de abogado a la parte prevaleciente de un acuerdo, sostenemos la determinación recurrida. De esta forma se abona al propósito de las leyes federales y estatales, a la política pública reconocida y se asegura el acceso a la justicia. *Orraca López v. ELA, supra; Declet Ríos v. Dpto. de Educación, supra.* Disponemos claramente, que conforme nuestra interpretación de la Ley IDEA y su reglamentación, la jurisprudencia federal y estatal, colegimos sin ambages que, la parte recurrida es la parte prevaleciente, por ser un asunto relacionado a los remedios solicitados y aquellos concedidos y no al vehículo procesal mediante

---

[5] Véase, Apéndice 1 del *Recurso de Certiorari,* pág. 33.

el cual se alcanzaron tales logros una vez se presentó la querella administrativa.

**IV.**

Por los fundamentos antes expuestos, se expide el recurso de *certiorari* y se confirma la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Candelaria Rosa disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII[6]

| | | |
|---|---|---|
| LIZETTE DUMONT DURÁN<br><br>Demandante Recurrida<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Demandado Peticionario | KLCE202500057 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV00035 (Salón 503 Civil)<br><br>Sobre: Cobro de Dinero (Ordinario) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

**VOTO DISIDENTE
DEL JUEZ CANDELARIA ROSA**

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece el Gobierno de Puerto Rico por conducto de la Oficina del Procurador General de Puerto Rico (Estado o peticionario) vía *certiorari* y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 17 de septiembre de 2024. En dicho dictamen, el foro primario declaró sin lugar la moción de desestimación del peticionario. Por los fundamentos que expondré a continuación, disiento de la determinación a la que arriba la mayoría del panel. Por el contrario, expediría el auto de *certiorari* solicitado y revocaría la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una demanda sobre reclamación de honorarios de abogado bajo la *Individuals with Disabilities Education Act* (IDEA), 20 USC sec. 1400 *et seq*. Según el expediente, la Sra. Lizzete Dumont Durán (señora Dumont o recurrida)

---

[6] Mediante Orden Administrativa OATA-2025-013 se modificó la composición del Panel.

Número Identificador

SEN2025 _____

presentó una querella ante el foro administrativo del Departamento de Educación, programa de Educación Especial, y alegó que la agencia no le ofreció una alternativa de ubicación apropiada a su hija para los años escolares 2019-2021. Por ello, solicitó, entre otras cosas, la compra de servicios y el reembolso de lo pagado en el mercado privado durante dichos años escolares. Luego del Departamento de Educación responder a la querella, las partes participaron en un proceso de conciliación al amparo de la Sección 300.510 del Code of Federal Regulations (CFR) y llegaron a un acuerdo el 23 de abril de 2021, firmado por el Conciliador Ramón L. Soto Martínez, sin que mediara alguna intervención de un juez administrador u oficial examinador.

No obstante, el 4 de enero de 2023, la recurrida presentó la ya mencionada demanda y alegó que le corresponde el pago de honorarios de abogados por haber prevalecido en el proceso administrativo. Específicamente, la señora Dumont Durán explicó que el remedio solicitado no se hubiera logrado si no fuera por la presentación de la querella. En respuesta, el Estado solicitó la desestimación de la demanda al amparo de la Regla 10.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V) y argumentó que la recurrida no fue una parte prevaleciente en el pleito, dado que dicho pleito se resolvió antes del inicio del proceso de vista administrativa.

Luego de ambas partes presentar sus oposiciones, réplicas o dúplicas, el foro recurrido denegó la moción de desestimación del Estado. Igualmente, adjudicó sin lugar a la solicitud de reconsideración del Estado. Insatisfecho, el Estado recurre ante este Tribunal y alega que el foro de primera instancia erró al denegar la solicitud de desestimación, ya que la recurrida no tiene derecho a honorarios de

abogado porque no resultó ser la parte prevaleciente en un proceso administrativo, sino que su reclamo concluyó con un acuerdo previo que dio fin a la querella sin la intervención o el aval de un juez administrativo u oficial examinador. Por su parte, la recurrida compareció y expuso su posición.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil, *supra*; Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*,

152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

En lo atinente a la controversia ante nuestra consideración, en nuestro ordenamiento, se conoce que uno de los fundamentos para solicitar la desestimación de una demanda es que esta no expone una reclamación que justifique la concesión de un remedio. Regla 10.2(5) de Procedimiento Civil, *supra*. Ante un planteamiento de tal carácter, la desestimación solo procede cuando se demuestra que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que se pueda probar. *Rivera Candela et al. v. Universal Insurance Company*, 2024 TSPR 99, 214 DPR ____ (2024) (citando a *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384 (2022)). Por ello, se debe considerar los hechos bien alegados de la manera más favorable al demandante y resolver toda duda a favor de éste, si la demanda es suficiente para constituir una reclamación válida. Íd. (citando a *Cobra Acquisitions v. Mun. de Yabucoa et al.*, *supra*; *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022)). No obstante, la solicitud de desestimación se dirige únicamente a los méritos de la controversia y no a los aspectos procesales del caso. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023) (citando a *Montañez et al. v. Hosp. Metropolitano*, 157 DPR 96 (2002)).

Ahora bien, los reglamentos de la Ley IDEA disponen de mecanismos de resolución para querellas en la cuales se alega una violación al debido proceso de ley, una de los cuales es la reunión de conciliación. 34 CFR sec. 300.510(a). Según dicha Ley, el *Local Education Agency* (LEA) deberá pautar una reunión de conciliación con los padres del menor y miembros del *Individualized Education*

*Program* (IEP) que conozcan los hechos específicos de la controversia, así permitiendo que el LEA tenga la oportunidad de resolver la disputa. Íd. De manera similar, el Reglamento Núm. 9168 del Departamento de Educación dispone que la reunión de conciliación es obligatoria, salvo que las partes seleccionen la mediación o renuncien por escrito a la celebración de la referida reunión. Art. 7(1) del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y Sobre la Otorgación de Honorarios de Abogados, Reglamento Núm. 9168 de 26 de febrero de 2020. Dicha reunión incluirá a un conciliador, quien será un funcionario de la agencia educativa y propiciará el acuerdo entre las partes. Íd. Véase, también, Manual de Procedimientos de Educación Especial, Departamento de Educación, 2020, pág. 243.

Por otra parte, el ordenamiento federal define la parte prevaleciente o *prevailing party* como aquel que se beneficia de una *autorización judicial* que cambia la relación legal de las partes de un litigio. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 US 598 (2001) (citando a *Black's Law Dictionary* 1145 (7.ª ed.1999)). A esos efectos, ninguna parte de un acuerdo o una transacción podrá considerarse como parte prevaleciente, <u>aunque haya logrado adquirir el remedio solicitado</u>, si dicho acuerdo no incluye una *autorización judicial* o *judicial imprimatur*, o un decreto de consentimiento. Íd. Véase, también, *Smith v. Fitchburg Public Schools*, 401 F.3d 16 (1.er Cir. 2005); *Doe v. Boston Public Schools*, 358 F.3d 20 (1.er Cir. 2004).

Similarmente, el ordenamiento puertorriqueño define a la parte prevaleciente como aquella que, al obtener un remedio, altera la

relación legal y conducta de las partes de una manera que directamente beneficia al querellante, más fomenta y promueve los propósitos de la Ley IDEA. Artículo 11(1) del Reglamento del Procedimiento para la Resolución de Querellas Administrativas de Educación Especial y sobre la Otorgación de Honorarios de Abogado, *supra*, pág. 37. Tal remedio no tiene que ser idéntico al solicitado en la reclamación para que la parte beneficiada sea considerada como parte prevaleciente, pero debe de ser ejecutable y obligado a ser cumplido por razón de una orden. Íd.

Conforme lo anterior, la jurisprudencia federal dispone que las órdenes de un *hearing officer* contienen suficiente *judicial imprimatur* para poder considerar a una parte como la prevaleciente para los propósitos del pago de los honorarios de abogado. *El Paso Independent School Dist. v. Richard R.*, 591 F.3d 417 (5.º Cir. 2009); *A.R. ex rel. R.V. v. New York City Dept. of Educ.*, 407 F.3d 65 (2.º Cir. 2005). Dicho *hearing officer* debe (1) ser imparcial; (2) no ser empleado de un State Education Agency (SEA) o un LEA (en este caso el Depto. de Ed.); (3) poseer el conocimiento y el entendimiento de las provisiones expuestas en la Ley IDEA, regulaciones federales y estatales relacionados a dicha Ley y las interpretaciones jurídicas de los tribunales federales y estatales; y (4) poseer el conocimiento y la habilidad para dirigir vistas y emitir decisiones según dispone la práctica legal. 34 CFR sec. 300.511(c)(1).

De otro modo, surge que la Ley IDEA generalmente permite, a discreción del juez, la otorgación de honorarios de abogado a favor de la parte prevaleciente. 20 USC sec. 1415(3)(B)(i). Sin embargo, la Ley expone que no se otorgarán honorarios de abogado en cualquier acción

o procedimiento por servicios dados luego de presentarse una oferta transaccional a los padres del menor, siempre y cuando (1) dicha oferta se presentó dentro de los diez (10) días antes de los procedimientos administrativos comenzar; (2) no se aceptó la oferta dentro de diez (10) días; y (3) el tribunal o el *administrative hearing officer* encontró que el remedio obtenido por los padres no fue más favorable a estos que lo que contenía la oferta. Íd., sec. 1415(3)(D)(i). Más aun, *la Ley IDEA explica que una reunión de conciliación no se considerará como (1) una reunión pautada como resultado de una vista administrativa o acción judicial, o (2) una vista administrativa o acción judicial. Íd.*, sec. 1415(3)(D)(iii). Mientras tanto, el Manual de Procedimientos de Educación Especial, de manera similar, dispone que *no se contemplará el pago de honorarios de abogado por la participación de estos en la reunión de conciliación*. Manual, *supra*, pág. 248.

En el caso que nos ocupa, el Tribunal de Primera Instancia erró al no desestimar la demanda de honorarios de abogado al amparo de la Ley IDEA. Es claro que la referida ley y jurisprudencia federal concede dicho remedio únicamente a la parte prevaleciente de un dictamen. Dicho de otro modo, no se debe considerar a la recurrida como una parte prevaleciente de un acuerdo que se pactó en una reunión de conciliación, ya que el referido acuerdo se estipuló sin haberse emitido alguna autorización judicial o decreto de consentimiento mediante un tribunal o *hearing officer*. Asimismo, la Ley IDEA explica que una reunión de conciliación no se considerará como una vista administrativa o acción judicial, al igual que el Manual de Procedimientos de Educación Especial dispone que no se contemplará la concesión de honorarios de abogado cuando la participación de este

ocurre durante una reunión de conciliación. Por tanto, al amparo del ordenamiento federal y puertorriqueño, la recurrida no tiene derecho al pago de honorarios de abogado por el Departamento de Educación y, en efecto, se debía expedir el auto solicitado, revocar al Tribunal recurrido y desestimar la demanda del caso. Como ello no ha sido lo determinado por la mayoría del panel, disiento.

Carlos I. Candelaria Rosa
Juez de Apelaciones